1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| CASCADE YARNS, INC., | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND TRADEMARK DILUTION** |
| CRAFTS AMERICANA GROUP, INC., doing business as KNIT PICKS, | |
| Defendant. | **JURY TRIAL DEMANDED** |

11
12
13
14
15
16
17

COMES NOW Cascade Yarns, Inc. ("Cascade"), by and through counsel, and files this

18    Complaint and in support thereof alleges as follows:

19                          **PARTIES, JURISDICTION AND VENUE**

20          1.          Cascade is a Washington corporation with its principal place of business in

21    Tukwila, Washington.  Cascade is one of the nation's finest purveyors of yarns and sells its

22    products through specialty retailers and boutiques throughout the United States.

23          2.          Defendant Crafts Americana Group, Inc. ("defendant") is a Washington

24    corporation with its principal place of business in Vancouver, Washington.  Defendant does

25    business as "Knit Picks" selling yarn and related products to consumers via on-line and print

26    catalogs.

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR
COMPETITION, AND TRADEMARK DILUTION - 1
Case No.

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA  94111-3492
415.954.0200 FAX: 415.393.9887

3.     This is an action for trademark infringement and false designation of origin arising under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, and for unfair competition and unfair and deceptive acts and practices under the laws of the state of Washington, including Washington's Unfair Business Practices/Consumer Protection Act, RCW 19.86.020, *et seq.*, and for trademark dilution under the laws of the state of Washington, including RCW 19.77.010, *et seq.*

4.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because defendant resides in this district, provides services and sells products directly to customers that reside in this district, and a substantial part of the events and omissions giving rise to the claims herein occurred in this district.

## BACKGROUND

6.     Plaintiff owns the registered trademark CASCADE 220 for "yarn; wool yarn" in international class 23. A copy of the certificate of registration no. 3,207,766 is attached hereto as Exhibit 1 and made a part hereof by this reference. CASCADE 220 is inherently distinctive and, in any event, as a result of plaintiff's long, continuous and exclusive use has acquired secondary meaning associated by customers and the public with plaintiff and its yarn products.

7.     Plaintiff owns the registered trademark 220 SUPERWASH for "yarn; wool yarn" in international class 23. A copy of the certificate of registration no. 3,205,766 is attached hereto as Exhibit 2 and made a part hereof by this reference. 220 SUPERWASH is inherently distinctive and, in any event, as a result of plaintiff's long, continuous and exclusive use has acquired secondary meaning associated by customers and the public with plaintiff and its yarn products.

8.     Plaintiff also owns the registered trademark CASCADE YARNS for "yarn" in international class 23. A copy of the certificate of registration no. 3,129,942 is attached hereto as Exhibit 3 and made a part hereof by this reference. CASCADE YARNS is inherently distinctive

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND TRADEMARK DILUTION - 2
Case No.

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111-3492
415.954.0200 FAX: 415.393.9887

and, in any event, as a result of plaintiff's long, continuous and exclusive use has acquired

secondary meaning associated by customers and the public with plaintiff and its yarn products.

9.    Plaintiff has been using CASCADE 220 and CASCADE YARNS in interstate

commerce in connection with yarn since at least 1988.  Plaintiff has used 220 SUPERWASH

interstate commerce in connection with yarn since at least 2004.

10.    Plaintiff enjoys a preeminent reputation in the industry.  It achieved this reputation

through its exemplary customer service and its commitments to quality and value.  Plaintiff has

invested considerable resources in promoting its products through advertising and other means.

As such, plaintiff has developed valuable goodwill in its CASCADE 220, 220 SUPERWASH and

CASCADE YARNS trademarks.

11.    Internet users typically use search engines to locate websites relevant to an inquiry

by entering search terms into a search field.  For example, customers and potential customers

looking for plaintiff's products may type "Cascade," "Cascade Yarn(s)," "Cascade 220," or some

variation thereof into a search engine such as Yahoo! (www.yahoo.com) or Google

(www.google.com).

12.    The search engine then uses the word or phrase to find websites that include terms

that are the same or similar to the search terms.  Internet search engines such as Yahoo! and

Google use proprietary algorithms to identify and sort relevant websites in what is often referred

to as a "natural" search.

13.    Internet search engines such as Yahoo! and Google also engage in advertising

sales in which the search engines sell search keywords or keyword triggers to advertisers.  A

business can purchase a keyword trigger that causes an advertisement for its business to appear

when a user types in the keyword that business purchased.  The advertisements then appear

directly in connection with or as sponsored links directly above or to the side of the natural search

results.  In this way, purchasing keyword triggers allows a business to target potential customers

with certain interests by causing the business's advertisements to appear in response to search

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR
COMPETITION, AND TRADEMARK DILUTION - 3
Case No.

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA  94111-3492
415.954.0200 FAX: 415.393.9887

1  terms typed into the search engine by those potential customers that match keyword triggers

2  purchased by the advertiser.

3       14.    Because clicking on a sponsored link results in a visit to the advertiser's retail

4  website and a potential sale for the advertiser, the advertisers pay the search engine for each time

5  an internet user clicks on the sponsored links.

6       15.    Internet search engines also offer additional benefits to advertisers by offering

7  increased traffic to on-line retail stores with product searches.  A business can increase website

8  traffic and thereby increase sales by requesting that its products appear on the product search.

9       16.    The internet search engines sell keyword triggers and allow product search listings

10 without distinguishing between trademarked and non-trademarked terms.  Search engines sell

11 plaintiff's registered trademarks, including its CASCADE 220, 220 SUPERWASH and/or

12 CASCADE YARNS trademarks, as keyword triggers.  Search engines allow advertisers to list

13 plaintiff's registered trademarks, including its CASCADE 220, 220 SUPERWASH and/or

14 CASCADE YARNS trademarks, product listings.

15      17.    On information and belief, defendant purchased or requested plaintiff's trademark

16 term CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS or some variations thereof

17 as keyword triggers or product listings from one or more search engine providers for the purpose

18 of directing potential customers to defendant's retail website.  Thus, for example, when a

19 consumer enters plaintiff's CASCADE YARNS mark as a search term into Yahoo!'s search

20 engine, defendant's advertisement will appear at the top of the search results page with a title of

21 "Cascade Yarn."

22      18.    When a user clicks on the titles of defendant's advertisements, the user is taken to

23 the KnitPicks.com retail website.

24      19.    Defendant's retail website offers the web user the opportunity to purchase yarn

25 and related products from defendant.

26 ///

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR
COMPETITION, AND TRADEMARK DILUTION - 4
Case No.

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA  94111-3492
415.954.0200 FAX: 415.393.9887

1    20.    Defendant has never offered Cascade's products for sale.  Instead, defendant uses

2    plaintiff's CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS trademarks to

3    generate traffic to defendant's competing retail website from individuals who were searching for

4    Cascade's products, website, or the website of one of Cascade's authorized retailers, with the

5    likely intent to purchase Cascade's products from an authorized retailer.

6    21.    Defendant's use of plaintiff's CASCADE 220 trademark as a keyword trigger or a

7    product listing is a use in commerce.

8    22.    Defendant's use of plaintiff's 220 SUPERWASH trademark as a keyword trigger

9    or a product listing is a use in commerce.

10    23.    Defendant's use of plaintiff's CASCADE YARNS trademark as a keyword trigger

11    or a product listing is a use in commerce.

12    24.    Defendant's use of plaintiff's CASCADE 220 trademark, 220 SUPERWASH

13    trademark and/or its use of plaintiff's CASCADE YARNS trademark as a keyword trigger or a

14    product listing is likely to and does cause consumer confusion.  Customers searching for

15    Cascade's products are directed to defendant's retail website, which is neither affiliated with nor

16    authorized by plaintiff to use its CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS

17    trademarks.  Users may assume that defendant's retail website is authorized to use plaintiff's

18    CASCADE 220 trademark, its 220 SUPERWASH trademark, its CASCADE YARNS trademark,

19    or is affiliated with or may offer plaintiff's products.  Furthermore, defendant offers a competitive

20    line of products for sale.  Consumers may assume that defendant's products have the same

21    qualities and attributes as plaintiff's products sold under the CASCADE 220 trademark, sold

22    under the 220 SUPERWASH trademark, sold under the CASCADE YARNS trademark, and/or

23    are sponsored or licensed by or affiliated with plaintiff.

24    25.    Even if consumers realize after arriving at defendant's website that they are not at

25    a website that sells Cascade's products, defendant's use of plaintiff's CASCADE 220, 220

26    SUPERWASH and/or CASCADE YARNS trademarks captures consumers' initial attention and

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR
COMPETITION, AND TRADEMARK DILUTION - 5
Case No.

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA  94111-3492
415.954.0200 FAX: 415.393.9887

1    diverts them to defendant's website, where they may purchase defendant's competitive products.

2          26.    Defendant seeks and receives a direct material benefit from its use of plaintiff's

3    CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS trademarks as a keyword trigger

4    or a product listing, by receiving more visits from customers who may consider purchasing or

5    who purchase their products, which are in direct competition with plaintiff's products.

6                                **FIRST CLAIM FOR RELIEF**

7                   **(Trademark Infringement -- 15 U.S.C. § 1114(1)(a))**

8          27.    Plaintiff realleges and incorporates by reference paragraphs 1 through 26 above.

9          28.    Defendant's use of plaintiff's CASCADE 220, 220 SUPERWASH and

10   CASCADE YARNS trademarks as keyword triggers or product listings is a use in commerce of

11   plaintiff's registered CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS trademarks

12   in connection with defendant's goods that is likely to cause purchasers and potential purchasers

13   confusion or mistake, or to deceive purchasers and potential purchasers.

14         29.    Even if consumers are not ultimately confused or deceived as to the source of

15   defendant's goods, defendant's use of plaintiff's CASCADE 220, 220 SUPERWASH and/or

16   CASCADE YARNS trademarks is calculated to capture the initial attention of consumers and

17   divert them to defendant's website, where they may purchase defendant's products.

18         30.    Defendant is thus liable under 15 U.S.C. § 1114(1)(a) for infringement of

19   plaintiff's registered CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS

20   trademarks.

21         31.    Pursuant to 15 U.S.C. § 1117(a), plaintiff is entitled to recover defendant's profits

22   and the costs of this action.

23         32.    Because defendant's use of plaintiff's registered CASCADE 220, 220

24   SUPERWASH and/or CASCADE YARNS trademarks keyword triggers or product listings was

25   intentional and in bad faith, the court should enter an award of enhanced damages under 15

26   U.S.C. § 1117(b) in an amount up to three times the actual damages.

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR
COMPETITION, AND TRADEMARK DILUTION - 6
Case No.

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111-3492
415.954.0200 FAX: 415.393.9887

1    33.    This case is an exceptional case under 15 U.S.C. § 1117(a)(3), and Cascade should

2    be awarded its reasonable attorneys fees.

3    34.    In addition, because Cascade's remedies under 15 U.S.C. § 1117(a), are not alone

4    sufficient to fully protect Cascade's continuing interest in preserving its marks against future

5    infringements by defendant and others, Cascade is entitled to an injunction against defendant's

6    future use of plaintiff's registered CASCADE 220, 220 SUPERWASH and/or CASCADE

7    YARNS trademarks, or any colorable imitation or confusingly similar variation of plaintiff's

8    CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS trademarks as keyword triggers

9    or product listings.  Cascade is also entitled to an injunction prohibiting any other infringing use

10   by defendant.

### SECOND CLAIM FOR RELIEF

### (False Designation of Origin -- 15 U.S.C. § 1125(a)(1)(A))

13   35.    Plaintiff realleges and incorporates by reference paragraphs 1 through 34 above.

14   36.    Defendant's use of plaintiff's CASCADE 220, 220 SUPERWASH and/or

15   CASCADE YARNS trademarks as keyword triggers or product listings is a use in commerce of

16   plaintiff's CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS trademarks that is

17   likely to cause confusion or mistake, or to deceive as to affiliation, connection, or association of

18   defendant with Cascade, or as to the origin, sponsorship, or approval of defendant's goods by

19   Cascade.

20   37.    Even if consumers are not ultimately confused or deceived as to the source of

21   defendant's goods, defendant's use of plaintiff's CASCADE 220, 220 SUPERWASH and/or

22   CASCADE YARNS trademarks is calculated to capture the initial attention of consumers and

23   divert them to defendant's website, where they may purchase defendant's competitive products.

24   38.    Defendant is thus liable under 15 U.S.C. § 1125(a)(1)(A) for false designation of

25   origin for its use of plaintiff's registered CASCADE 220, 220 SUPERWASH and/or CASCADE

26   YARNS trademarks.

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR
COMPETITION, AND TRADEMARK DILUTION - 7
Case No.

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA  94111-3492
415.954.0200 FAX: 415.393.9887

39.    Pursuant to 15 U.S.C. § 1117(a), plaintiff is entitled to recover defendant's profits and the costs of this action.

40.    Because defendant's use of plaintiff's registered CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS trademarks as keyword triggers or product listings was intentional and in bad faith, the court should enter an award of enhanced damages under 15 U.S.C. § 1117(b) in an amount up to three times the actual damages.

41.    This case is an exceptional case under 15 U.S.C. § 1117(a)(3), and Cascade should be awarded its reasonable attorneys fees.

42.    In addition, because plaintiff's remedies under 15 U.S.C. § 1117(a), are not alone sufficient to fully protect Cascade's continuing interest in preserving its marks against future infringements by defendant and others, Cascade is entitled to an injunction against defendant's future use of plaintiff's registered CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS trademarks, or any colorable imitation or confusingly similar variation of plaintiff's CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS trademarks as keyword triggers or product listings.  Cascade is also entitled to an injunction prohibiting any other infringing use by defendant.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition/Unfair and Deceptive Acts and Practices -- RCW 19.86.020)

43.    Plaintiff realleges and incorporates by reference paragraphs 1 through 42 above.

44.    Defendant's conduct constitutes unfair competition and unfair and deceptive business acts and practices under statutory and common law, including without limitation, Washington's Unfair Business Practices/Consumer Protection Act, RCW 19.86.020, *et seq.*

45.    As a direct and proximate result of defendant's unlawful conduct, Cascade is suffering irreparable injury to its goodwill, reputation, business, and property and will continue to suffer such irreparable injury until defendant is enjoined from using the CASCADE 220, 220 SUPERWASH and CASCADE YARNS trademarks in any form in its business operations.

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR
COMPETITION, AND TRADEMARK DILUTION - 8
Case No.

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA  94111-3492
415.954.0200 FAX: 415.393.9887

1    46.    Cascade is entitled to recover its actual damages, treble damages, costs, and

2    reasonable attorneys' fees to the full extent allowable under applicable state law.

3    **FOURTH CLAIM FOR RELIEF**

4    **(Trademark Dilution -- RCW 19.77.160)**

5    47.    Plaintiff realleges and incorporates by reference paragraphs 1 through 44 above.

6    48.    Plaintiff's CASCADE 220 trademark for yarn products is famous and has

7    distinctive quality in the state of Washington.

8    49.    Plaintiff's 220 SUPERWASH trademark for yarn products is famous and has

9    distinctive quality in the state of Washington.

10    50.    Plaintiff's CASCADE YARNS trademark for yarn products is famous and has

11    distinctive quality in the state of Washington.

12    51.    Defendant's use of CASCADE 220 dilutes the distinctive quality of plaintiff's

13    CASCADE 220 trademark.

14    52.    Defendant's use of 220 SUPERWASH dilutes the distinctive quality of plaintiff's

15    220 SUPERWASH trademark.

16    53.    Defendant's use of CASCADE YARNS dilutes the distinctive quality of plaintiff's

17    CASCADE YARNS trademark.

18    54.    On information and belief, defendant willfully intended to trade on Cascade's

19    reputation in violation of RCW 19.77.160.

20    55.    As a direct and proximate result of defendant's use, plaintiff's CASCADE 220,

21    220 SUPERWASH and/or CASCADE YARNS trademarks are being diluted and plaintiff is

22    suffering irreparable injury to its goodwill, reputation, business, and property and will continue to

23    suffer such irreparable injury until defendant is enjoined from using the CASCADE 220, 220

24    SUPERWASH and/or CASCADE YARNS trademarks in any form in its business operations.

25    ///

26    ///

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR
COMPETITION, AND TRADEMARK DILUTION - 9
Case No.

SQUIRE, SANDERS & DEMPSEY L.L.P.
ONE MARITIME PLAZA, SUITE 300
SAN FRANCISCO, CALIFORNIA 94111-3492
415.954.0200 FAX: 415.393.9887

1    56.    Cascade is entitled to recover defendant's profits, actual damages, treble damages,

2    costs, and reasonable attorneys' fees to the full extent allowable under applicable state law.

3    **JURY DEMAND**

4    57.    Plaintiff respectfully demands a jury trial on all issues triable to a jury.

5    **PRAYER FOR RELIEF**

6    WHEREFORE, PLAINTIFF Cascade Yarns, Inc. respectfully prays for judgment as

7    follows:

8    1.    That defendant be directed to account and pay to plaintiff all damages suffered by

9    plaintiff as a result of defendant's wrongful conduct described above including for defendant's

10   infringement of plaintiff's registered CASCADE 220, 220 SUPERWASH and/or CASCADE

11   YARNS trademarks and unfair competition, as well as to account for all gains, profits and

12   advantages derived by such wrongful conduct;

13   2.    That such damages caused by defendant be trebled in accordance with 15 U.S.C.

14   § 1117 because its unfair acts were done intentionally and therefore warrant enhanced damages

15   and/or punitive damages as the Court may find appropriate;

16   3.    For a preliminary and permanent injunction pursuant to 15 U.S.C. § 1116

17   restraining Crafts Americana Group, Inc., its affiliates, franchises, and subsidiaries expressly

18   including Knit Picks, its officers, directors, agents, servants, employees and all persons in active

19   concert or participation with it who receive actual notice of the injunction by personal service or

20   otherwise (collectively referred to as "Crafts Americana" in this Prayer for Relief), from doing,

21   abiding, causing, aiding or abetting any of the following:

22   a.    Using plaintiff's CASCADE 220 trademark, its 220 SUPERWASH, its

23   CASCADE YARNS trademark, or any colorable imitation or confusingly similar variation of

24   plaintiff's CASCADE 220, 220 SUPERWASH and/or CASCADE YARNS trademarks as

25   keyword triggers and/or product listings;

26   ///

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR
COMPETITION, AND TRADEMARK DILUTION - 10
Case No.

1          b.      Making any other infringing use of plaintiff's CASCADE 220, 220

2    SUPERWASH and/or CASCADE YARNS trademarks; and

3          c.      Otherwise competing unfairly with plaintiff in any manner;

4    4.     That Crafts Americana be directed to file with the Court and serve within thirty

5    (30) days after the service of an injunction a report in writing, under oath, setting forth in detail

6    the manner and form in which Crafts Americana complied with the injunction;

7    5.     That Cascade be awarded actual damages, treble damages, lost profits and

8    attorneys' fees as permitted by Washington's Unfair Business Practices/Consumer Protection Act,

9    RCW 19.86;

10   6.     That Cascade be awarded its attorneys' fees and costs under the provisions of 15

11   U.S.C. § 1117;

12   7.     That Cascade be awarded prejudgment interest on any judgment amount;

13   8.     That Cascade be awarded post-judgment interest on the foregoing sums at the

14   maximum rate permitted by law from the date judgment is entered until paid; and

15   9.     That Cascade be awarded such other and further relief as the court deems

16   equitable, just and appropriate.

17

18   DATED:  December 30, 2009                    SQUIRE, SANDERS & DEMPSEY L.L.P.

19

20                                               By: _Robert J. Gurte_____

21                                                  Robert J. Gurte, WSBA No. 25753

22                                               Attorneys for Plaintiff
                                                 CASCADE YARNS, INC.

23

24   SANFRANCISCO/330839.3

25

26

COMPLAINT FOR TRADEMARK INFRINGEMENT,               SQUIRE, SANDERS & DEMPSEY L.L.P.
FALSE DESIGNATION OF ORIGIN, UNFAIR                 ONE MARITIME PLAZA, SUITE 300
COMPETITION, AND TRADEMARK DILUTION - 11            SAN FRANCISCO, CALIFORNIA  94111-3492
Case No.                                            415.954.0200 FAX: 415.393.9887

# EXHIBIT 1

Int. Cl.: 23

Prior U.S. Cl.: 43

**United States Patent and Trademark Office**

Reg. No. 3,207,766
Registered Feb. 13, 2007

**TRADEMARK**
**PRINCIPAL REGISTER**

# CASCADE 220

CASCADE YARNS, INC. (WASHINGTON COR-
   PORATION)
1224 ANDOVER PARK EAST
TUKWILA, WA 98188

   FOR: YARN; WOOL YARN, IN CLASS 23 (U.S. CL.
43).

   FIRST USE 1-1-1988; IN COMMERCE 1-1-1988.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

   SEC. 2(F) AS TO "220".

   SER. NO. 78-711,794, FILED 9-13-2005.

KATHLEEN M. VANSTON, EXAMINING ATTOR-
NEY

**EXHIBIT 2**

Int. Cl.: 23

Prior U.S. Cl.: 43

Reg. No. 3,205,309

## United States Patent and Trademark Office

Registered Feb. 6, 2007

### TRADEMARK
### PRINCIPAL REGISTER

# 220 SUPERWASH

CASCADE YARNS, INC. (WASHINGTON COR-
PORATION)

1224 ANDOVER PARK EAST

TUKWILA, WA 98188

FOR: YARN; WOOL YARN, IN CLASS 23 (U.S. CL.
43).

FIRST USE 3-1-2004; IN COMMERCE 3-1-2004.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "220", APART FROM THE MARK
AS SHOWN.

SER. NO. 78-712,761, FILED 9-14-2005.

CAROLYN CATALDO, EXAMINING ATTORNEY

**EXHIBIT 3**

Int. Cl.: 23

Prior U.S. Cl.: 43

Reg. No. 3,129,942

**United States Patent and Trademark Office**   Registered Aug. 15, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# CASCADE YARNS

CASCADE YARNS, INC. (WASHINGTON COR-
    PORATION)
1224 ANDOVER PARK EAST
TUKWILA, WA 98188

  FOR: YARN, IN CLASS 23 (U.S. CL. 43).

  FIRST USE 11-1-1987; IN COMMERCE 1-1-1988.

  THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

  NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "YARN", APART FROM THE
MARK AS SHOWN.

  SER. NO. 78-757,385, FILED 11-18-2005.

REBECCA GILBERT, EXAMINING ATTORNEY